UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

-------------------------------------------------------------------
                                                          )
IN RE:        Request for Assistance by Palau              )
              to the United States of America              )
                                                          )          Misc. No. _____
-------------------------------------------------------------------

**EX-PARTE APPLICATION OF THE UNITED STATES
SEEKING APPOINTMENT OF A COMMISSIONER TO OBTAIN EVIDENCE
PURSUANT TO 18 U.S.C. § 3512
AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The United States of America, by and through its undersigned attorney, respectfully

requests that this Court issue an Order appointing Frederick Reynolds, Senior Trial Attorney,

United States Department of Justice, Criminal Division, Asset Forfeiture and Money Laundering

Section, as a Commissioner, authorizing him to collect evidence pursuant to 18 U.S.C. § 3512 as

requested by the Republic of Palau in the attached Request for Assistance. Palau has requested

assistance pursuant to the Compact of Free Association between the Governments of Palau and

the United States. Compact of Free Association, U.S.-Palau, Jan. 10, 1986, 48 U.S.C. § 1931

(hereinafter "Compact"), *incorporating by reference* Agreement on Extradition, Mutual

Assistance in Law Enforcement Matters and Penal Sanctions Concluded Pursuant to Section 175

of The Compact of Free Association, U.S.-Palau, Jan. 10, 1986 (hereinafter "Section 175

Agreement"). Under 18 U.S.C. § 3512, a U.S. government attorney may apply to a federal judge

in the District of Columbia for orders allowing the execution of a foreign country's request for

assistance in proceedings, investigations, and prosecutions related to criminal offenses. Because

the United States has an obligation to act under the Compact and this application satisfies the

requirements for an order under 18 U.S.C. § 3512, the Government respectfully requests that this

Court grant the Government's Application and appoint Frederick Reynolds as a Commissioner to

collect evidence for Palau for use in a criminal proceeding. A proposed order is attached.

## I. JURISDICTION AND VENUE

Congress has placed this matter within the jurisdiction of this Court. Under 18 U.S.C.

§ 3512(c)(3), a U.S. government attorney may apply for orders that permit the execution of a

foreign request for assistance in a criminal proceeding in one of three districts: (1) a district

where evidence is located; (2) a district where a federal criminal investigation or prosecution is

taking place; or (3) in the District of Columbia. Section 3512(f) further provides that any "order

or warrant issued pursuant to this section may be served or executed in any place in the United

States," thus providing for nationwide service of process. Congress has therefore determined that

the District Court for the District of Columbia has jurisdiction to hear this matter.

In addition, cases from multiple circuits, as well as several cases from this Court, state

that when Congress has included a nationwide service of process provision in a statute, a federal

court has jurisdiction over any party that has sufficient minimum contacts with the United States

to satisfy due process. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3rd Cir. 2002); *Go-

Video Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1414–15 (9th Cir. 1989); *Reese Brothers, Inc. v.

United States Postal Service*, 477 F. Supp. 2d 31, 37–39 (D.D.C. 2007); *Flynn v. Ohio Building

Restoration, Inc.*, 260 F. Supp. 2d 156, 170–71 (D.D.C. 2003). Thus, this Court has personal

jurisdiction over any party with sufficient contact and connection with the United States to

reasonably anticipate being haled into court in this country. By permitting any application made

under the statute to be made to the District Court for the District of Columbia, the statute itself

provides that this Court has subject matter jurisdiction in addition to personal jurisdiction and implies that venue is proper in this Court.

## II.   STATEMENT OF POINTS AND AUTHORITIES

In the Compact and the Section 175 Agreement, the United States and Palau agreed to assist one another in judicial and criminal proceedings and investigations.  Under 18 U.S.C. § 3512(a)(1), a federal judge may issue any orders necessary to execute a request from a foreign authority for assistance in investigating or prosecuting crimes and in related proceedings.  These orders may also include an order appointing a person to "direct the taking of testimony or statements or of the production of documents or other things, or both," permitting a court to appoint a commissioner to collect evidence responsive to a foreign request.  18 U.S.C. § 3512(b).

Palau has requested the assistance of the United States in investigating a bank fraud case involving James O.N. Dugan.  As discussed below, Palau's request satisfies the requirements of § 3512 and the Section 175 Agreement, making an order requiring the production of such evidence proper. Therefore, we ask that this Court issue an order appointing Frederick Reynolds as a commissioner for collection of relevant evidence for Palau.

### A.   Factual Background

According to Palauan officials, on October 2009, James O.N. Dugan arrived in the Republic of Palau carrying several fraudulent Certificates of Deposit.  He met with several Palauan officials, recruiting one to participate in his plan.  Dugan and this official went to First Fidelity Bank in Palau; they convinced the bank that Dugan had three Certificates of Deposit worth five billion Euros (approximately 7.5 billion USD) each.  Dugan claimed the certificates

were on deposit with CreditNet Bank International in Australia. Preliminary investigation shows that CreditNet is not a licensed bank in Australia.

According to the Palauan MLAT request, Dugan and the Palauan official then acquired additional fraudulent Certificates of Deposit along with Certificates of Authentication indicating that First Fidelity had three Certificates of Deposit with a total value of 15 Billion Euros on deposit; these funds were never deposited at First Fidelity. Dugan and the official then used the fraudulent First Fidelity certificates to attempt to obtain a SWIFT code from another financial institution. A SWIFT code is a unique identifying code assigned to a bank or bank branch used when money is being transferred between banks or when banks are exchanging other messages. During their meetings with financial institutions, Dugan and the Palauan official claimed that they needed access to a SWIFT code to receive money from Dugan's Certificates of Deposit from CreditNet. They convinced the bank manager of the Palauan Branch of First Commercial Bank of Taiwan to give them First Commercial's SWIFT code, claiming that they were going to wire money through the U.S. Federal Reserve to Palau to credit accounts at First Fidelity Bank. The manager of First Commercial Bank of Taiwan signed and stamped the SWIFT wiring instruction, placing his bank at risk by authenticating that Dugan's fraudulent Certificates were on deposit at First Fidelity Bank. Dugan and the Palauan official then attempted to wire money from First Fidelity Bank to Banco Bilboa Vizcaya Argentaria in Paraguay to Paraguayan beneficiaries; the wire was stopped in the United States due to insufficient funds in First Fidelity.

Dugan was arrested by Palauan authorities on October 21, 2009. He was formally charged with attempted grand larceny, cheating (fraud), attempted cheating (fraud), forgery, and

4

money laundering on October 22, 2009. His collaborating official is currently under investigation in Palau.

**B.      Argument**

       1.      This Court has the Authority to Issue an *Ex Parte* Order Appointing Commissioners to Collect Evidence for Use in Foreign Criminal Proceedings

Under 18 U.S.C. § 3512, a federal judge may issue orders that are needed to fulfill a request for legal assistance in a criminal matter from a foreign authority when a proper application is made by a U.S. government attorney. These orders can include search warrants, warrants for the contents of stored wire or electronic communications, and orders requiring a person to appear and give testimony or produce documents or other things. 18 U.S.C. § 3512(a)(2). The court may also appoint a person as a commissioner, allowing that person to direct how evidence is gathered. *Id.* at § 3512(b). A commissioner may issue orders for the production of materials or that require a person to appear, administer any oath, take testimony or statements, or receive documents or other things. *Id.*

Federal district courts have long been empowered to issue orders to permit the collection of evidence in response to foreign requests for legal assistance under another statute, 28 U.S.C. § 1782. On October 19, 2009, 18 U.S.C. § 3512 was signed into law, providing an alternative basis for fulfilling requests for assistance. The substance of the statutes is very similar, but they have one key difference. Gathering evidence under 28 U.S.C. § 1782 requires an order from the district court for the district in which that evidence sought is located, often necessitating orders from multiple district courts to fulfill a single foreign request. Under the provisions of 18 U.S.C. § 3512, an order from an appropriate court can be served or executed in any place in the United

States, eliminating the need for orders from multiple districts. The process of responding to a foreign request is streamlined, allowing the United States to fulfill its international obligations with a process that reduces the overall burden on the federal court system.

This Court may also make orders requested under § 3512 *ex parte*. In motions made under 28 U.S.C. § 1782 and in response to Letters Rogatory, the application for the appointment of a commissioner to execute a foreign request for judicial assistance is typically handled *ex parte*. *See In re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 688 (D.C. Cir. 1989) (example of appointment of commissioner being handled *ex parte*); *In re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (stating that Letters Rogatory, requests similar to those made under mutual legal assistance agreements, are customarily handled *ex parte*). A subpoena recipient can raise any objection by moving to quash the subpoena. *In re Letters Rogatory from the Tokyo District*, 539 F.2d at 1219. Given that the primary difference between 28 U.S.C. § 1782 and 18 U.S.C. § 3512 is which court may issue enforceable orders to gather evidence, the manner in which an order in response to a motion under 18 U.S.C. § 3512 should arguably be made in the same way as a motion under 28 U.S.C. § 1782. It is therefore appropriate for this Court to handle this application *ex parte*.

> 2. The Statutory Requirements for Appointment of a Commissioner Have Been Met

A federal judge may issue orders, including those appointing a commissioner, under 18 U.S.C. § 3512 provided certain elements are present. There must (1) be a request for assistance from a foreign authority for assistance; (2) that request must be in a criminal investigation or

6

prosecution or in proceedings related to the prosecution of criminal offenses; (3) a U.S.

Government attorney must apply for an order; and (4) that application must have been authorized

by an appropriate official of the Department of Justice. 18 U.S.C. § 3512.

This application satisfies all four elements. The Government of Palau has made a formal

request for assistance pursuant to the Compact and the request is in connection with the criminal

investigation and prosecution of James O.N. Dugan. *See* Request for Assistance. A government

attorney, Frederick Reynolds, from the Asset Forfeiture and Money Laundering Section of the

Criminal Division of the Department of Justice has filed this application. Mr. Reynolds has been

authorized by the Department of Justice's Office of International Affairs to request to serve as a

commissioner. Therefore, the statutory requirements of § 3512 are met and this Court may

appoint a commissioner.

        3.     The United States Has Agreed to Produce Evidence Properly Requested by Palau

Whether to issue any orders under 18 U.S.C. § 3512 after an application is made is within

the discretion of the federal court. However, the United States has agreed to provide Palau with

assistance in the investigation and prosecution of criminal matters under the Section 175

Agreement, which is incorporated by reference in Section 175 of the Compact and therefore has

the status of an international treaty. The United States has assisted Palau in criminal

investigations such as this one multiple times since Palauan independence. While § 3512 gives a

district court discretion in whether to make an order, the United States has an obligation to

provide assistance in law enforcement matters to Palau under its international agreement.

Palau made this Request for Assistance pursuant to the Compact, which provides that a United States District Court may order the production of evidence for use in a criminal proceeding or investigation in Palau.  Section 175 Agreement, Title 3, art. 1.  The acts described in the request, as summarized above, contain the elements of violation of the laws of Palau, specifically violations of sections 104, 1501, 1902, 1903, 1906, and 3801 of Title 17 of the Palau National Code.  The acts alleged by Palau in the Request for Assistance are criminal offenses and the United States is obligated to provide that assistance under the Compact and the Section 175 Agreement.

4.    This Court May Prescribe the Procedures for the Collection of Evidence by a Commissioner

Section 3512 is silent on the procedures to be used to fulfill a foreign request.  However, a court is empowered to issue orders that are necessary to execute a request and is required to specify the procedures to be used under the Compact.  18 U.S.C. § 3512(a)(1);  Section 175 Agreement, title 3, art. 1, ¶ 5.  While 18 U.S.C. § 3512(a)(2) spells out some of the orders a court may issue to execute a request, that subsection does not limit the possible orders to the enumerated list.  The examples provided in the statute should not be interpreted as an exclusive list of the orders a court can make in response to a foreign request.  Rather, the court has discretion to include the procedures to be used to collect evidence in any order issued to execute a foreign request.

The Section 175 Agreement requires that a court order effectuating a request prescribe the procedure to be used to gather evidence while providing that a person cannot has his or her legal or constitutional rights or privileges violated by such an order.  If this Court so orders, a

8

commissioner may use the attached form, entitled commissioner's subpoena, to obtain the

requested evidence. *See, e.g., United States v. Erato*, 2 F.3d 11, 12–13 (2d Cir. 1993) (quoting the

district court's order directing the use of commissioner's subpoenas under 28 U.S.C. § 1782). The

commissioner's subpoena is a device often used to gather evidence and statements responsive to

foreign requests for assistance. It is not a creation of the Federal Rules of Criminal Procedure or

the Federal Rules of Civil Procedure, but is authorized by an order of the court to compel the

production of evidence in accordance with both the Compact and § 3512. *See* Section 175

Agreement, title 3, art. 1; 28 U.S.C. § 1651. Section 3512 provides that a person appointed as a

commissioner under that statute may issue orders requiring the appearance of any person or the

production of documents or other things, take testimony or receive documents or other things, and

administer any necessary oath. 18 U.S.C. § 3512(b)(2). The commissioner's subpoena is a tool to

gather that evidence that allows the commissioner to issue subpoenas without repeated application

to the court. The United States requests that the Commissioner be permitted to issue

commissioner's subpoenas as she or he deems necessary in order to fulfill the Palauan request.

9

## IV.    CONCLUSION

Accordingly, the Government respectfully requests that this Court issue the attached Order

appointing Frederick Reynolds, Trial Attorney, United States Department of Justice, Asset

Forfeiture and Money Laundering Section, as a Commissioner, authorizing him to take the actions

necessary, including the issuance of Commissioner's subpoenas, to obtain the evidence requested,

and to adopt such procedures in receipt of the evidence as are consistent with the intended use in

Palau.

Dated this 22nd day of December, 2009.

> Respectfully submitted,
>
> RICHARD WEBER
> CHIEF, ASSET FORFEITURE AND MONEY
>     LAUNDERING SECTION
>
>
> BY: FREDERICK REYNOLDS (Texas Bar # 24003453)
> Senior Trial Attorney
> United States Department of Justice
> Asset Forfeiture and Money
>     Laundering Section
> Bond Building, 10th Floor
> 1400 New York Avenue, N.W.
> Washington, DC 20530
> Telephone: (202) 353-1566
> Facsimile: (202) 514-5522